Matter of Braun (2024 NY Slip Op 01706)

Matter of Braun

2024 NY Slip Op 01706

Decided on March 27, 2024

Appellate Division, Second Department

Per Curiam.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 27, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
MARK C. DILLON
FRANCESCA E. CONNOLLY
VALERIE BRATHWAITE NELSON
ANGELA G. IANNACCI, JJ.

2023-08586

[*1]In the Matter of Donald Braun, an attorney and counselor-at-law, respondent. (Attorney Registration No. 1284884)

APPLICATION pursuant to 22 NYCRR 1240.10 by Donald Braun, who was admitted to the Bar at a term of the Appellate Division of the Supreme Court in the Fourth Judicial Department on February 18, 1976, to resign as an attorney and counselor-at-law.

Courtny Osterling, White Plains, NY (Anthony R. Wynne of counsel), for Grievance Committee for the Ninth Judicial District.
Donald Braun, Amawalk, NY, respondent pro se.

PER CURIAM.

OPINION & ORDER
The respondent, Donald Braun, has submitted an affidavit sworn to on September 8, 2023, in support of his application to resign as an attorney and counselor-at-law (see 22 NYCRR 1240.10). The respondent acknowledges in his affidavit that he is currently the subject of an investigation by the Grievance Committee for Ninth Judicial District of three complaints involving allegations of misappropriation of client funds in the amounts of $60,209, held on behalf of Holly H. Tsuei, and $186,349.89, held on behalf of Liza Jones-Kanu, commingling personal funds with those received incident to his practice of law, and engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation. The respondent further admits that there may be more client funds misappropriated or misapplied because there is not a complete accounting of the client funds held in his escrow account. The respondent also states in his affidavit that he was the victim of a fraudulent scheme that he claims induced him, inter alia, to withdraw cash from his escrow account for the benefit of the individuals who were enacting the scheme upon him. The respondent attests that he cannot successfully defend himself against the allegations based upon the facts and circumstances of his professional misconduct.
The respondent acknowledges that his resignation is freely and voluntarily tendered, without coercion or duress by anyone, and with full awareness of the consequences, including that the Court's acceptance and approval shall result in the entry of an order of disbarment striking his name from the roll of attorneys and counselors-at-law.
As to the issue of restitution, the respondent consents to the entry of an order by the Court, pursuant to Judiciary Law § 90(6-a), directing that he make monetary restitution to Tsuei in the amount of $60,209 and to Jones-Kanu in the amount of $186,349.89, and that he reimburse the Lawyers' Fund for Client Protection of the State of New York (hereinafter the Lawyers' Fund) for any award paid as a result of his misappropriations. The respondent further acknowledges that his resignation is submitted subject to any future application that may be made by the Grievance Committee for an order, pursuant to Judiciary Law § 90(6-a), directing that he make restitution or reimburse the Lawyers' Fund, and that he consents to the Court's continuing jurisdiction to make [*2]such an order.
The respondent also acknowledges and agrees that pending the issuance of an order accepting his resignation, he will not undertake to represent any new clients or accept any retainers for future legal services to be rendered and that there will be no transactional activity in any fiduciary account to which he has access, other than for payment of funds held therein on behalf of clients or others entitled to receive them.
Lastly, the respondent acknowledges that in the event the Court accepts his resignation, the order resulting therefrom and the records and documents filed in relation to the aforementioned allegations, including his affidavit, shall be deemed public records pursuant to Judiciary Law § 90(10).
The Grievance Committee recommends that the Court grant the respondent's application to resign.
Inasmuch as the respondent's application to resign substantially complies with the requirements of 22 NYCRR 1240.10, the application is granted and, effective immediately, the respondent is disbarred and his name is stricken from the roll of attorneys and counselors-at-law.
LASALLE, P.J., DILLON, CONNOLLY, BRATHWAITE NELSON and IANNACCI, JJ., concur.
ORDERED that the application of the respondent, Donald Braun, to resign as an attorney and counselor-at-law is granted; and it is further,
ORDERED that pursuant to Judiciary Law § 90, effective immediately, the respondent, Donald Braun, is disbarred and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,
ORDERED that the respondent, Donald Braun, shall comply with the rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15); and it is further,
ORDERED that pursuant to Judiciary Law § 90, effective immediately, the respondent, Donald Braun, shall desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,
ORDERED that pursuant to Judiciary Law § 90(6-a)(a), the respondent, Donald Braun, shall reimburse the Lawyers' Fund for Client Protection of the State of New York for any award made to Holly H. Tsuei or Liza Jones-Kanu; and it is further,
ORDERED that in the event that no awards have been made by the Lawyers' Fund for Client Protection of the State of New York to Holly H. Tsuei or Liza Jones-Kanu, the respondent, Donald Braun, (1) shall make monetary restitution to Holly H. Tsuei in the amount of $60,209, and (2) shall make monetary restitution to Liza Jones-Kanu in the amount of $186,349.89, pursuant to Judiciary Law § 90(6-a); and it is further,
ORDERED that in the event that partial awards have been made by the Lawyers' Fund for Client Protection of the State of New York to Holly H. Tsuei or Liza Jones-Kanu, the respondent, Donald Braun, shall make partial restitution to those individuals to the extent that they have not been fully reimbursed, pursuant to Judiciary Law § 90(6-a); and it is further,
ORDERED that pursuant to Judiciary Law § 90(6-a)(d), this opinion and order may be entered as a civil judgment, and such judgment shall be enforceable as a money judgment in any court of competent jurisdiction by the party to whom payments are due hereunder in the amount set forth herein, minus any amount reimbursed by the Lawyers' Fund for Client Protection of the State of New York or by the Lawyers' Fund for Client Protection of the State of New York where it has been subrogated to the rights of such party; and it is further,
ORDERED that if the respondent, Donald Braun, has been issued a secure pass by [*3]the Office of Court Administration, it shall be returned forthwith to the issuing agency, and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 1240.15(f).
ENTER:
Darrell M. Joseph
Clerk of the Court